IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | |
|---|---|
| STEVE BATTLES, #1783447 § | |
| § | |
| V. § | CIVIL ACTION NO. V-15-041 |
| § | |
| WILLIAM STEPHENS, § | |
| Director, Texas Department of Criminal § | |
| Justice, Correctional Institutions Division § | |

REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus of Steve Battles, an inmate in the Texas prison system. After consideration of this matter the court submits this report and recommendation to the district court.

Battles's two convictions are related to a single episode. On May 11, 2010, Battles approached a home in Victoria, Texas, and rang the doorbell. The front door of the house was open, but the glass-paned storm door was closed and locked. When the homeowner, 72 year old Betty Williams, came to the door Battles asked to use her telephone. Williams refused to admit Battles and he reacted by breaking in the storm door, reaching across the threshold and grabbing Williams around her neck. Williams managed to break free and flee into the street. Her screams alerted neighbors who called 911 and came out of their homes to help. Surprisingly, Battles did not leave the scene he simply walked to a nearby house and sat on a chair on the front porch where he remained until two Victoria police

officers arrived. The officers spoke to Williams and Battles. They then arrested Battles and charged him with criminal trespass, a misdemeanor.

During the pendency of the misdemeanor the assistant district attorney assigned to the case made Battles a plea offer. While the offer was pending a felony prosecutor, Steven Tyler, happened to meet Williams at a Crime Stoppers meeting and spoke with her about the incident. He later spoke with her by telephone. After hearing her version Tyler concluded that Battles should have been charged with more serious crimes. He then instructed the misdemeanor prosecutor to impose a time limit on the plea offer and warn Battles that if he rejected the offer the case would be dismissed and a felony indictment would be sought. Battles rejected the offer and was indicted for burglary of a habitation and injury to an elderly person. The indictment also alleged two prior convictions as enhancements. Battles proceeded to trial. He was convicted and sentenced to concurrent prison terms of 40 and 15 years respectively.

Battles's convictions were affirmed and his state court habeas petition was denied without written order. On July 8, 2015, Battles timely filed this federal petition for a writ of habeas corpus. The State was ordered to answer and filed its motion for summary judgment. That motion is now ripe.

In his first ground for relief Battles complains that he was convicted by a jury of only eleven members after one juror was declared disabled due to a family medical emergency. This ground does not state a federal claim. The Sixth Amendment is not

violated unless a criminal jury consists of less than six members.  Ballew v. Georgia, 435 U.S. 223, 239 (1978).  Texas law requires a jury of twelve members in a felony trial, but federal habeas relief is not available for errors under state law.  Estelle v. McQuire, 502 U.S. 62, 67-68 (1991).  The court also notes that the trial judge properly followed Article 36.29(a) of the Texas Code of Criminal Procedure by finding a juror disabled and proceeding to trial with only eleven jurors.

In his second ground Battles asserts that the prosecutor committed violations of the Brady[1] requirements by failing to disclose certain evidence.  He first complains that Tyler did not disclose the substance of his meeting with Williams at the Crime Stoppers meeting and his subsequent phone conversation with her.  The respondent argues that this claim was never presented to the state court, is unexhausted and if raised in a successive petition would be procedurally barred under the Texas abuse of the writ doctrine.  That may be so, but this court is not certain respondent is correct.  It appears Battles may have asserted this claim in the state proceedings.  In ground 19 of his state petition he claimed the prosecution "failed to disclose additional interviews" and the state court's summary denial of Battles's petition gives no indication of whether that claim was ever considered.  Assuming it may have been, the claim has no merit.  It was the conversations with Williams that led to the decision to indict Battles on more serious charges after he rejected the misdemeanor plea offer.  A key element of a Brady violation is that the undisclosed

---

[1]   Brady v. Maryland, 373 U.S. 83 (1963)

evidence was favorable to the defendant. Rector v. Johnson, 120 F.3d 551, 558 (5th Cir. 1997). Quite clearly, Williams's version of her encounter with Battles was anything but exculpatory. Battles also complains that the prosecutor did not disclose the 911 calls. This claim is belied by the record. All three phone calls were admitted into evidence during Battles's trial, one was even offered by the defense and admitted over the objections of the prosecution.

In his third ground Battles argues that his convictions and punishments for burglary of a habitation to commit injury to an elderly person and injury to an elderly person violate the double jeopardy clause of the Fifth Amendment. Battles is wrong. The Texas legislature specifically authorized cumulative convictions and concurrent sentences in a single trial of a defendant accused of injuring an elderly person and committing another crime during a single criminal episode. Texas Penal Code § 22.04(h). Since the legislative intent is clearly stated there is no double jeopardy violation. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983).

In his fourth ground Battles argues that an evidentiary ruling by the trial judge in violation of Texas Rule of Evidence 103 denied him a fair trial. The evidence at issue is a tape recording of the three 911 calls made to the Victoria Police Department. The state's exhibit 12 contained all three calls, however, for trial the state isolated each call into separate exhibits 17, 18 and 19 because it could only authenticate 17 and 18. When those exhibits were offered defense counsel argued that exhibit 12 should be admitted instead.

The judge disagreed.  The defense later offered the third call as defendant's exhibit 2 and it was admitted over the state's objections.  Battles's argument is without merit.  An evidentiary ruling under state law like the one in question does not rise to the level of a constitutional violation, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993), see also Fuller v. Johnson, 114 F.3d 491, 498 (5th Cir. 1997), unless the ruling is so egregious that it renders the petitioner's trial fundamentally unfair.  Brown v. Dretke, 419 F.3d 365, 376 (5th Cir. 2005).  By having the third call admitted Battles cured any possibility its absence could have had any injurious effect or influence on the jury's verdicts and rendered his trial fundamentally unfair.

In his last ground Battles alleges he was the victim of a vindictive prosecution under a felony indictment because he exercised his right to reject the state's offer and demand a jury trial on the misdemeanor charge.  The state court rejected this claim by accepting as credible Tyler's affidavit that after he spoke with Williams he believed Battles had been improperly charged with a misdemeanor and gave Battles a deadline for accepting the pending offer with the warning that if he were to reject it a felony indictment would be sought.  That is exactly what happened.  A prosecutor is not prohibited from threatening to pursue a more severe charge if a defendant refuses to reach a plea agreement.  Corbitt v. New Jersey, 439 U.S. 212, 221-23 (1978).  Presuming the state court's finding of Tyler's credibility to be correct, as required by 28 U.S.C. § 2254(e)(1), see also Marshall

5

v. Lonberger, 459 U.S. 422, 433 (1983), Battles's allegations will not support a conclusion that his felony prosecution was impermissibly vindictive.

For the foregoing reasons it is the recommendation of this court that the respondent's motion for summary judgment (21) be granted and the petition for a writ of habeas corpus of Steve Battles be dismissed.

If the district court accepts this court's recommendation the court further recommends that Battles's motion for abeyance (25) which seeks to stay this action while he returns to state court to exhaust one of his Brady claims be denied as moot.

The clerk shall send a copy of this report and recommendation to the parties who shall have until February 29, 2016, to file any written objections.

**DONE** at Galveston, Texas, this _____27th_____ day of January, 2016.

John R. Froeschner
United States Magistrate Judge